Tayuoii, Chief Justice,
 

 delivered the opinion of the Court:
 

 it is not deemed necessary to decide the question, whether a vicious writ can betaken advantage of after verdict: or whether the statutes of
 
 jeofails
 
 extend to actions upon penal statutes. The construction of this writ, which presents itself to the Court as the just, and^noces-sary one, and derived from the unavoidable import of
 
 *289
 
 tlie words, renders it a writ in the
 
 debet
 
 and
 
 detivet.
 
 Though not precisely in the form that the usage of the law has annexed to such process, yet the words m winch it is expressed will not, without a strained interpretation, convey a meaning substantially different. The Defendant is called upon to answer to the Plaintiff, “ that lie render to him £50, due under an act of Assembly to him, and which the Defendant detains from him.” It is due to the Plaintiff, under or by virtue of the act of Assembly, and the Defendant cannot detain it unjustly, unless it is due from him. If A call on B to demand payment of a sum of money, which the former states to be due to him by bond, the amount of which lie charges the latter with detaining from him', B cannot doubt that the meaning of A is, to charge him with owing as well as detaining the money. Whether the writ uses the verb in the present tense, or substitutes for it the past participle, the charge of owing and detaining is in substance equally made out. The general issue then is,
 
 nil
 
 debet, to which the verdict of the jury is responsive, by its finding that the Defendant does owe. Let the reasons in arrest be overruled.