1. Whether negro Lewis ever came to the hands of the defendant, as part of his testator's estate.
2. Whether the title to the negroes in dispute was in complainant's testator, or in defendant's testator.
Upon the trial of the first issue, the defendant introduced several witnesses, who proved that on a proposition being made by Philemon to refer the will of Philemon Hawkins to certain arbitrators, John Hawkins declared he would not refer his title to Dorcas and her issue, for he had a good title thereto; that thereupon Philemon did (108) agree that his title to Dorcas and her issue should not be impaired thereby, or, in the words of the witness, should be taken out. That a day or two afterwards the parties met and executed a bond of submission, under which the arbitrators afterwards made an award. The counsel for the petitioners insisted at the trial that the bond, being under seal, was the only evidence of the terms of submission, and that parol evidence of the previous agreement was inadmissible.
On the trial of the second issue, the complainant offered several dispositions to prove declarations of the defendant's testator that the purchase of the negroes was made for the complainant's testator.
The defendant's testator claimed title to the said negroes under a bill of sale transferring the property absolutely to him, to which bill of sale, from Abrams and Bishop, the complainant's testator was a subscribing witness.
The evidence offered by the defendants to prove a parol agreement inconsistent with and repugnant to the bond of submission executed by theparties was properly rejected because forbidden by *Page 86 
policy and the plain rules of law, which prohibit the parties to a deed from contradicting it by parol evidence, unless in cases of fraud and accident.
The evidence offered by the plaintiffs to prove the declarations of the defendant's testator that the negroes in question were purchased by him for plaintiff's testator, notwithstanding the bill of sale was made absolutely to defendant's testator by the seller, was improperly rejected.
The rule of law which disallows the introduction of parol evidence for the purpose of contradicting, altering, or varying a deed applies only to the parties to the instrument. This is settled in Strong v. Glasgow,6 N.C. 288. As, then, the testator of the plaintiffs was not aparty to the bill of sale by which the negroes were transferred to defendant's testator, the former is not precluded from availing (109) himself of the testimony proposed.
Let there be a new trial on this issue.
NOTE. — On the first point, see Commissioners v. Holliday, 3 N.C. 284;Clark v. McMillan, post., 244; Donaldson v. Benton, 20 N.C. 435.
Upon the second point, see Strong v. Glasgow, 6 N.C. 289.